REDMANN, Judge
(dissenting).
My basic dissent is that plaintiffs did not prove (as was their burden) that they performed the “obtaining” of the farmout. This was not an exclusive brokerage agreement, customary in real estate transactions, which promises a commission even *514 if the broker does not himself procure the sale. Here plaintiffs are only entitled to-the $7,500 commission if they “obtained” the farmout.
The testimony by one plaintiff that he obtained the farmout is not supported by other corroborative evidence as required by C.C. art. 2277. The only witnesses from the lease owners testified they had no knowledge of plaintiffs’ being involved in the transaction, and that their files showed no indication of such involvement although the files would ordinarily contain at least a note of every communication relative to the leases in question.[1]

. If plaintiffs’ initial contact with the lease owners could be held an “obtaining” of the farmout seven months later, there is a problem in that C.C. art. 2050 implies a reasonable time for performance in all obligations with an unspecified term. The evidence is that seven months is beyond the normal 30 to 90 days anticipated for performance. The contract would be of doubtful validity for lack of cause, O.O. art. 1893, if construed as a promise to pay $7,500 if defendant at anytime, even years later, acquired a farmout.